**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FRANCISCO TORRELLAS, | : | |
| Petitioner, | : | Civil Action No. 17-1531 (CCC) |
| v. | : | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**CECCHI, District Judge:**

*Pro se* Petitioner Francisco Torrellas, a prisoner confined at the United States Penitentiary in Tucson, Arizona, seeks to file a motion to vacate pursuant to 28 U.S.C. § 2255. The Court initially administratively terminated the case because he did not use the proper form required by Local Civil Rule 81.2. (*See* Case No. 17-1531, ECF No. 2.) He then filed an amended petition that the Clerk incorrectly entered as a new motion in Case No. 17-2717, which the Court construed as an amended motion in Case No. 17-1531. (*See* Case No. 17-1531, ECF No. 3.) The Court then again rejected the amended motion as deficient as well, and cautioned that Petitioner had one last chance to perfect the motion. (*Id.* at 2.) Petitioner then filed his second amended motion, which the Court again rejected because it was unsigned. (*See* ECF No. 6.) The Court gave Petitioner one final chance to perfect his motion, and warned that failure to do so will result in a dismissal with prejudice. (*Id.*)

Presently before the Court is Petitioner's third amended motion. Unfortunately, it is again defective. Despite having been twice warned by this Court about using the wrong form, which did not contain a declaration that Petitioner's motion contains all grounds for relief, and that he

1

understands the failure to set forth all grounds may bar him from presenting additional grounds at a later date, (*see* ECF Nos. 2 & 3), the third amended motion is again not on the correct form, and does not contain this declaration. Having warned Petitioner of the consequence of failing to perfect his pleading, and having giving him four chances to do so, the Court now dismisses the motion *with prejudice. See Velazquez v. Zickerfoose*, No. 11-2459, 2014 WL 6611058, at * 7 (D.N.J. Nov. 21, 2014) (dismissing with prejudice after having afforded plaintiff three opportunities to perfect pleading); *Donnelly v. Option One Mortg. Corp.*, No. 11-7019, 2014 WL 1266209, at *18 (D.N.J. Mar. 26, 2014) (same); *Thompson v. Keystone Human Servs. Corp.*, No. 09-2558, 2012 WL 398619, at *6 (M.D. Pa. Feb. 7, 2012) (denying leave to amend after three chances); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002) (holding that futility of amendment is a proper reason to deny leave to amend).

The Court also notes that the motion appears to be time-barred. Title 28, Section 2255 of the United States Code requires that "[a] 1–year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). In most cases and in this particular case, the one-year period begins on "the date on which the judgment of conviction becomes final[.]" 28 U.S.C. § 2255(f)(1).

> [A] judgment of conviction becomes final within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires. If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.

*Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *see Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 532 (2003).

Here, Petitioner's judgment was issued on December 5, 2014. (ECF No. 8 at 2); *United States v. Torellas*, No. 12-cr-0447, ECF No. 49 (D.N.J. judgment entered Dec. 5, 2014). Petitioner

did not appeal. The instant motion was initially filed on March 3, 2017 and dated February 27, 2017, rendering it untimely. Petitioner, recognizing this untimeliness, argued for equitable tolling in his initial motion. (*See* ECF No. 1-2.) However, his only argument for equitable tolling is that he was not aware of his rights under § 2255 until after he became educated in the law. (*Id.* at 8; ECF No. 8 at 11.) That is not a valid ground for equitable tolling. "[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Covert v. Tennis*, No. 06-421, 2008 WL 4861449, at *5 (M.D. Pa. Nov. 7, 2008); *see Ayers v. Phelps*, 723 F. Supp. 2d 718, 722 (D. Del. 2010) ("[A] petitioner's lack of legal knowledge or miscalculation regarding the one-year filing period does not constitute an extraordinary circumstance triggering equitable tolling"). "Indeed, if the 'I did not learn until later' assertion was a valid reason for equitable tolling, every habeas petitioner can simply feign ignorance to avoid a statute of limitations bar, an absurd argument." *Smith v. United States*, No. 14-7142, 2017 WL 1293014, at *2 (D.N.J. Apr. 5, 2017). As such, even if Petitioner perfected his pleading, and declared that this is his single, all-inclusive motion, the Court would dismiss it as time-barred.

The Court also denies a certificate of appealability ("COA"). Federal law provides that an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling." Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the motion is correct.

Date: May 31, 2018

**Claire C. Cecchi**
United States District Judge